ORIGINAL
RECEIVED
09 DEC 16 AM 9:13
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

CV 09 5883 SI

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. _____ |
| Plaintiff, | |
| v. | |
| VINAYAK S. GOWRISH, ADNAN S. ZAMAN, PASCAL S. VAGHAR, and SAMEER N. KHOURY, | |
| Defendants, | |
| and | |
| ELIAS N. KHOURY, | |
| Relief Defendant. | |

**FINAL JUDGMENT AS TO DEFENDANT ADNAN S. ZAMAN**

The Securities and Exchange Commission having filed a Complaint and Adnan S. Zaman ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without

FINAL JUDGMENT AS TO ADNAN S. ZAMAN

admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 promulgated thereunder [17 C.F.R. § 240.14e-3], in connection with any

tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

(a) purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, securities convertible into or exchangeable for any such securities or any option or right to obtain or dispose of any of the foregoing securities while in possession of material information relating to such tender offer that Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person of such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

(b) communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

(i) to the officers, directors, partners or employees of the

-3-  FINAL JUDGMENT AS TO ADNAN S. ZAMAN

     offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

 (ii) to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the planning, financing, preparation or execution of the activities of the issuer with respect to such tender offer; or

 (iii) to any person pursuant to a requirement of any statute or rule or regulation promulgated thereunder.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $68,790, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $9,666, for a total of $78,456. Defendant shall satisfy this obligation by paying $78,456 pursuant to the terms of the payment schedule set forth in Section IV below after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payments shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Adnan S. Zaman as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. A copy of the letter shall be sent to Julie M. Riewe, Branch Chief, U.S. Securities and Exchange Commission, Division of Enforcement, 100 F Street, N.E., Washington, DC, 20549-5010. Defendant shall pay post-

1  judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall
2  remit the funds paid pursuant to this paragraph to the United States Treasury.

IV.

Adnan S. Zaman shall pay $78,456 in five (5) installments according to the following schedule: (1) $9,807 within ten (10) days of entry of this Final Judgment; (2) $9,807 on January 15, 2010 or within twenty (20) days of entry of this Final Judgment, whichever date occurs later in time, plus post-judgment interest pursuant to 28 U.S.C. § 1961; (3) $19,614 on or before January 15, 2011 plus post-judgment interest pursuant to 28 U.S.C. § 1961; (4) $19,614 on or before January 15, 2012 plus post-judgment interest pursuant to 28 U.S.C. § 1961; and (5) $19,614 on or before January 15, 2013 plus post-judgment interest pursuant to 28 U.S.C. § 1961.

If Adnan S. Zaman fails to make any payment by the dates agreed and/or in the amounts agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE