# Exhibit 1

**to**
**Hemann Declaration**

# Exhibit 1

**to**
**Hemann Declaration**

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
www.morganlewis.com



**John H. Hemann**
Partner
415.442.1355
jhemann@MorganLewis.com

**VIA FEDERAL EXPRESS**

February 22, 2010

Thomas E. Stevens
Assistant U.S. Attorney
450 Golden Gate Avenue, 11th Floor
San Francisco, CA 94102
(415) 436-7200

Re:     *SEC v. Gowrish*, Case No. CV 09-5883-SI (N.D. Cal.)

Dear Mr. Stevens:

We represent Vinayak S. Gowrish in the above-referenced case.

We write pursuant to the U.S. Department of Justice ("DOJ") *Touhy* regulations, 28 C.F.R. part
16, to advise you that we intend to serve subpoenas on the custodians of records for the U.S.
Attorney's Office for the Northern District of California ("USAO") and the Federal Bureau of
Investigation, San Francisco Division ("FBI"), for the production of the following documents
and records:

1.      All FBI form FD-302s reflecting interviews of the following individuals: (a)
        Vinayak S. Gowrish; (b) Adnan S. Zaman; (c) Pascal S. Vaghar; (d) Sameer N.
        Khoury; (e) Elias N. Khoury; (f) Christopher Zand; and (g) Kamyar Vaghar.

2.      All notes taken by employees of the USAO during interviews of the following
        individuals: (a) Vinayak S. Gowrish; (b) Adnan S. Zaman; (c) Pascal S. Vaghar;
        (d) Sameer N. Khoury; (e) Elias N. Khoury; (f) Christopher Zand; and (g)
        Kamyar Vaghar.

3.      All notes taken by employees of the FBI during interviews of the following
        individuals: (a) Vinayak S. Gowrish; (b) Adnan S. Zaman; (c) Pascal S. Vaghar;
        (d) Sameer N. Khoury; (e) Elias N. Khoury; (f) Christopher Zand; and (g)
        Kamyar Vaghar.

Morgan Lewis
COUNSELORS AT LAW

Thomas E. Stevens
February 22, 2010
Page 2

4.    All FBI form FD-302s reflecting interviews of any other individuals related to the investigation that led to the Information and Plea Agreement in *United States v. Zaman*, Case No. CR 09-1178-SI (N.D. Cal.).

5.    All FBI form FD-302s reflecting interviews of any other individuals related to the insider trading "scheme" alleged in the complaint filed by the Securities and Exchange Commission ("SEC") in Case No. CV 09-5883-SI (N.D. Cal.).  (Note that we recognize that this request may be redundant of #4, but we articulate them slightly differently in the interest of being thorough.).

6.    All communications and records of communications between employees of the USAO or FBI and employees of the SEC regarding the investigation that led to the Information and Plea Agreement in *United States v. Zaman*, Case No. CR 09-1178-SI (N.D. Cal.).

7     All communications and records of communications between employees of the USAO or FBI and employees of the SEC regarding the insider trading "scheme" alleged in the complaint filed by the SEC in Case No. CV 09-5883-SI (N.D. Cal.). (Note that we recognize that this request may be redundant of #6, but we articulate them slightly differently in the interest of being thorough.).

Pursuant to 28 C.F.R. § 16.22(d), the information sought consists of records and summaries of statements by individuals who are witnesses to the events that form the basis for the SEC's claims against Mr. Gowrish in Case No. CV 09-5883-SI (N.D. Cal.).  These records and summaries are relevant because they describe the "scheme" that is alleged by the SEC in this case.  The records and summaries are particularly necessary because we understand and believe (1) that the information provided by two of the witnesses, Mr. Zaman and Mr. Pascal Vaghar, is materially inconsistent with respect to Mr. Gowrish's role and participation; (2) that the information provided by Mr. Sameer Khoury, Mr. Elias Khoury, Mr. Zand, and Mr. Zaman is plainly exculpatory to Mr. Gowrish as to elements of the cause of action asserted by the SEC; and (3) that the information provided by Mr. Pascal Vaghar reflects his lack of credibility as a witness and is necessary for effective cross-examination.

We believe that these records and summaries require disclosure based on the factors that DOJ officials and attorneys must consider in determining whether to produce such materials. *See* 28 C.F.R. § 16.26.  The information we seek is appropriate under the rules of procedure and is not privileged.  Rather, it is both relevant and exculpatory to Mr. Gowrish.  Moreover, production of the records and summaries would not reveal a confidential source or informant, interfere with enforcement proceedings, disclose or impair investigative techniques or procedures, or reveal



Thomas E. Stevens
February 22, 2010
Page 3

trade secrets.  Finally, the fairness of the judicial process as to Mr. Gowrish clearly requires production of the information sought.

Enclosed are copies of the subpoenas we intend to serve on the records custodians for the USAO and the FBI at the appropriate time under the Federal Rules of Civil Procedure.  We look forward to speaking with you about our requests and providing any information necessary to assist you in your evaluation of this matter.  Please do not hesitate to contact me if you have any questions.

Very truly yours,

P.P.   John H. Hemann

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) | |
| *Plaintiff* | ) | Civil Action No.  CV 09-5883-SI |
| v. | ) | |
| VINAYAK S. GOWRISH, ET AL. | ) | (If the action is pending in another district, state where: |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  Custodian of Records, United States Federal Bureau of Investigation, San Francisco Division
450 Golden Gate Avenue, 13th Floor, San Francisco, CA 94102

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: Morgan, Lewis & Bockius LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Vinayak S. Gowrish
_____ , who issues or requests this subpoena, are:

John H. Hemann
Morgan, Lewis & Bockius LLP, One Market, Spear Street Tower, San Francisco, CA 94105
jhemann@morganlewis.com  (415) 442-1355

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.  CV 09-5883-SI

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because _____ ; or

❐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .


I declare under penalty of perjury that this information is true.


Date: _____        _____
                                      *Server's signature*

                               _____
                                      *Printed name and title*


                               _____
                                      *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1    **Attachment 1 to Subpoena to Federal Bureau of Investigation, San Francisco Division**

2    ***SEC v. Gowrish***, Case No. CV 09-5883-SI (N.D. Cal.)

3    **DEFINITIONS**

4    For ease of understanding this set of document requests, certain defined terms are used.

5    They appear in all capital letters and are defined as follows:

6    1.    "YOU" or "YOUR" mean and refer to the Federal Bureau of Investigation, San

7    Francisco Division, on whom this subpoena has been served, and includes anyone working on its

8    behalf, including, but not limited to, attorneys, employees, agents and representatives.

9    2.    "SEC" means and refers to the United States Securities and Exchange

10   Commission, and includes anyone working on its behalf, including, but not limited to, attorneys,

11   employees, agents and representatives.

12   3.    "FBI" means and refers to the United States Federal Bureau of Investigation, and

13   includes anyone working on its behalf, including, but not limited to, attorneys, employees, agents

14   and representatives.

15   4.    The terms "DOCUMENT" or "DOCUMENTS" are used in the broadest sense

16   permitted under applicable law, and include but are not limited to any printed, written, graphic,

17   photographic, magnetic or electronic matter, however printed, produced or reproduced, coded or

18   stored, of any kind or description, whether sent or received or not, including all originals, copies,

19   reproductions, facsimiles, drafts and both sides thereof, now or at any time in YOUR possession,

20   custody or control.  The terms shall include, without limitation, letters, memoranda,

21   correspondence, all COMMUNICATIONS (intra- and inter-office and intra- and inter-

22   departmental), notes, working papers, reports, messages or notes of telephone or other oral

23   conversations or meetings, including voicemails, routing slips, records, books, manuals, policy

24   statements, rules, regulations, guidelines, graphs, charts, drawings, sketches, models,

25   photographs, microfilm, microfiche, prints, slides, negatives, videotapes, tape recordings,

26   cassettes, compact discs, surveys, summaries, statements, opinions, evaluations, licenses,

27   agreements, contracts, proposals, work papers, forecasts, statistical records, transactional files,

28   telegrams, telex, messages, marginalia, notations, minutes, agenda, transcripts, affidavits,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21562523.1

1   declarations, calendars, appointment books, diaries, timesheets, logs, files, binders, financial

2   statements, cost sheets, reports, receipts, accounts, requisitions, charge slips, checks, invoices,

3   ledgers and books of account.  The terms further shall include any information currently or

4   previously contained on any magnetic or electronic storage device, including, without limitation,

5   computer-stored data or databases, punch cards, data processing, magnetic and computer tapes,

6   electronic mail, voicemail, LAN, servers, diskettes, floppies, drives, hard disks, backup tapes,

7   jazz and zip drives, CD-ROMs, optical discs, printer and fax machine buffers, smart cards, PDAs,

8   palmtops and handheld computing devices, and laptops and electronic notebooks, as well as any

9   printouts or readouts from any magnetic or electronic storage device.

10          5.      The term "COMMUNICATIONS" means and refers to every manner or means of

11   disclosure, transfer or exchange of information, whether orally or by DOCUMENT, and whether

12   by telephone, voicemail, mail, electronic mail or other electronic transmission, facsimile, personal

13   delivery, conversation, "carbon copy" or otherwise.

14          6.      The terms "RELATING TO," "RELATED TO" or "RELATE(S) TO" mean that,

15   from the content of the document itself, either in whole or in part, other accompanying

16   documents, or its location in a file, it can be reasonably ascertained that the document pertains to

17   the subject identified.

18          7.      The term "PERSON" or "PERSONS" includes, but is not limited to, any natural

19   person in any capacity whatsoever, corporate or other business entities, and all other forms of

20   legal entities, including divisions, subsidiaries, departments, and other units therein and shall

21   include, but is not limited to the following: corporations, partnerships, joint ventures, voluntary or

22   unincorporated associations, business organizations, trade organizations, standards organizations,

23   governmental entities (including commissions, bureaus and departments), trusts, estates, sole

24   proprietorships and all other entities similar to any of the foregoing, however denominated.

25          8.      The terms "AND" and "OR" shall be construed conjunctively or disjunctively as

26   necessary to make the request inclusive rather than exclusive, and so as to acquire the broadest

27   possible meaning.

28          9.      The terms "ALL," "ANY," and "EACH" shall be construed to bring within the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21562523.1                              2

ATTACHMENT 1 TO SUBPOENA TO FBI, SAN FRANCISCO DIVISION

1    scope of discovery all information that otherwise might be construed to be outside its scope.

2        10.    The singular includes the plural, and vice versa.  Any word written in the singular

3    shall be construed as plural or vice versa when necessary to facilitate the answer to a discovery

4    request.

5                                   **INSTRUCTIONS**

6        1.    This subpoena relates to all DOCUMENTS under YOUR custody, possession or

7    control, including but not limited to DOCUMENTS in the possession of your agents or

8    representatives.

9        2.    YOU are required to produce the original of each DOCUMENT described below

10   or, if the original is not in YOUR custody, then a copy of the same, and in any event all non-

11   identical copies that differ from the original or from the other copies produced for any reason,

12   including, but not limited to, the existence of notes or marginalia on such copies.

13       3.    If any of the DOCUMENTS requested below are claimed by YOU to be privileged

14   or are otherwise withheld, produce a log accompanying the DOCUMENT production setting forth

15   with respect to each such DOCUMENT, facts of sufficient specificity to permit the Court to make

16   a full determination as to whether the claim of privilege is valid, including each and every fact or

17   basis upon which said privilege is claimed.  In particular, and without limiting the generality of

18   the foregoing, set forth with respect to each such DOCUMENT:

19           (i)     the author of the DOCUMENT;

20           (ii)    the addressee, if any, and those persons or entities, if any, specified in the

21                   DOCUMENT to receive a copy thereof, and those persons or entities

22                   known by defendants to have actually received a copy thereof;

23           (iii)   the title of the DOCUMENT, if any, or other identifying data;

24           (iv)    the type of DOCUMENT (e.g., memorandum, letter);

25           (v)     in summary, the nature and subject matter of the DOCUMENT;

26           (vi)    the current location of the DOCUMENT;

27           (vii)   the date on which the DOCUMENT was prepared;

28           (viii)  the date on which the DOCUMENT was sent or received, as the case may

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21562523.1                                3

ATTACHMENT 1 TO SUBPOENA TO FBI, SAN FRANCISCO DIVISION

1    be; and

2    (ix)    the basis upon which such privilege or work product is claimed.

3    **DOCUMENTS SUBPOENAED**

4    1.    ALL FBI form FD-302s of interviews of the following PERSONS: (a) Vinayak S.

5    Gowrish; (b) Adnan S. Zaman; (c) Pascal S. Vaghar; (d) Sameer N. Khoury; (e) Elias N. Khoury;

6    (f) Christopher Zand; and (g) Kamyar Vaghar.

7    2.    ALL DOCUMENTS, including notes, created by YOU during ANY interviews of

8    the following PERSONS: (a) Vinayak S. Gowrish; (b) Adnan S. Zaman; (c) Pascal S. Vaghar; (d)

9    Sameer N. Khoury; (e) Elias N. Khoury; (f) Christopher Zand; and (g) Kamyar Vaghar.

10   3.    ALL FBI form FD-302s of interviews of ANY PERSONS RELATED TO the

11   investigation that led to the Information and Plea Agreement in *United States v. Zaman*, Case No.

12   CR 09-1178-SI (N.D. Cal.), including any attachments.

13   4.    ALL FBI form FD-302s of interviews of ANY PERSONS RELATED TO the

14   insider trading "scheme" alleged in the complaint filed by the SEC in *SEC v. Gowrish*, Case No.

15   CV 09-5883-SI (N.D. Cal.), including any attachments.

16   5.    ALL COMMUNICATIONS and records of COMMUNICATIONS between YOU

17   and the SEC RELATED TO the investigation that led to the Information and Plea Agreement in

18   *United States v. Zaman*, Case No. CR 09-1178-SI (N.D. Cal.), including any attachments.

19   6.    ALL COMMUNICATIONS and records of COMMUNICATIONS between YOU

20   and the SEC RELATED TO the insider trading "scheme" alleged in the complaint filed by the

21   SEC in *SEC v. Gowrish*, Case No. CV 09-5883-SI (N.D. Cal.), including any attachments.

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21562523.1                                  4

ATTACHMENT 1 TO SUBPOENA TO FBI, SAN FRANCISCO DIVISION

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) |
| *Plaintiff* | ) |
| v. | ) |
| VINAYAK S. GOWRISH, ET AL. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  CV 09-5883-SI

(If the action is pending in another district, state where:

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES

To:  Custodian of Records, United States Attorney's Office for the Northern District of California
450 Golden Gate Avenue, 11th Floor, San Francisco, CA 94102

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: Morgan, Lewis & Bockius LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Vinayak S. Gowrish
_____ , who issues or requests this subpoena, are:

John H. Hemann
Morgan, Lewis & Bockius LLP, One Market, Spear Street Tower, San Francisco, CA 94105
jhemann@morganlewis.com  (415) 442-1355

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.   CV 09-5883-SI

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1    **Attachment 1 to Subpoena to U.S. Attorney's Office for the Northern District of California**

2    *SEC v. Gowrish*, Case No. CV 09-5883-SI (N.D. Cal.)

3    **DEFINITIONS**

4         For ease of understanding this set of document requests, certain defined terms are used.

5    They appear in all capital letters and are defined as follows:

6         1.    "YOU" or "YOUR" mean and refer to the United States Attorney's Office for the

7    Northern District of California, on whom this subpoena has been served, and includes anyone

8    working on its behalf, including, but not limited to, attorneys, employees, agents and

9    representatives.

10         2.    "SEC" means and refers to the United States Securities and Exchange

11   Commission, and includes anyone working on its behalf, including, but not limited to, attorneys,

12   employees, agents and representatives.

13         3.    "FBI" means and refers to the United States Federal Bureau of Investigation, and

14   includes anyone working on its behalf, including, but not limited to, attorneys, employees, agents

15   and representatives.

16         4.    The terms "DOCUMENT" or "DOCUMENTS" are used in the broadest sense

17   permitted under applicable law, and include but are not limited to any printed, written, graphic,

18   photographic, magnetic or electronic matter, however printed, produced or reproduced, coded or

19   stored, of any kind or description, whether sent or received or not, including all originals, copies,

20   reproductions, facsimiles, drafts and both sides thereof, now or at any time in YOUR possession,

21   custody or control.  The terms shall include, without limitation, letters, memoranda,

22   correspondence, all COMMUNICATIONS (intra- and inter-office and intra- and inter-

23   departmental), notes, working papers, reports, messages or notes of telephone or other oral

24   conversations or meetings, including voicemails, routing slips, records, books, manuals, policy

25   statements, rules, regulations, guidelines, graphs, charts, drawings, sketches, models,

26   photographs, microfilm, microfiche, prints, slides, negatives, videotapes, tape recordings,

27   cassettes, compact discs, surveys, summaries, statements, opinions, evaluations, licenses,

28   agreements, contracts, proposals, work papers, forecasts, statistical records, transactional files,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21562522.1

1  telegrams, telex, messages, marginalia, notations, minutes, agenda, transcripts, affidavits,

2  declarations, calendars, appointment books, diaries, timesheets, logs, files, binders, financial

3  statements, cost sheets, reports, receipts, accounts, requisitions, charge slips, checks, invoices,

4  ledgers and books of account.  The terms further shall include any information currently or

5  previously contained on any magnetic or electronic storage device, including, without limitation,

6  computer-stored data or databases, punch cards, data processing, magnetic and computer tapes,

7  electronic mail, voicemail, LAN, servers, diskettes, floppies, drives, hard disks, backup tapes,

8  jazz and zip drives, CD-ROMs, optical discs, printer and fax machine buffers, smart cards, PDAs,

9  palmtops and handheld computing devices, and laptops and electronic notebooks, as well as any

10 printouts or readouts from any magnetic or electronic storage device.

11     5.    The term "COMMUNICATIONS" means and refers to every manner or means of

12 disclosure, transfer or exchange of information, whether orally or by DOCUMENT, and whether

13 by telephone, voicemail, mail, electronic mail or other electronic transmission, facsimile, personal

14 delivery, conversation, "carbon copy" or otherwise.

15     6.    The terms "RELATING TO," "RELATED TO" or "RELATE(S) TO" mean that,

16 from the content of the document itself, either in whole or in part, other accompanying

17 documents, or its location in a file, it can be reasonably ascertained that the document pertains to

18 the subject identified.

19     7.    The term "PERSON" or "PERSONS" includes, but is not limited to, any natural

20 person in any capacity whatsoever, corporate or other business entities, and all other forms of

21 legal entities, including divisions, subsidiaries, departments, and other units therein and shall

22 include, but is not limited to the following: corporations, partnerships, joint ventures, voluntary or

23 unincorporated associations, business organizations, trade organizations, standards organizations,

24 governmental entities (including commissions, bureaus and departments), trusts, estates, sole

25 proprietorships and all other entities similar to any of the foregoing, however denominated.

26     8.    The terms "AND" and "OR" shall be construed conjunctively or disjunctively as

27 necessary to make the request inclusive rather than exclusive, and so as to acquire the broadest

28 possible meaning.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21562522.1                         2

ATTACHMENT 1 TO SUBPOENA TO U.S. ATTORNEY'S OFFICE, N.D. CAL.

1    9.    The terms "ALL," "ANY," and "EACH" shall be construed to bring within the

2    scope of discovery all information that otherwise might be construed to be outside its scope.

3    10.    The singular includes the plural, and vice versa.  Any word written in the singular

4    shall be construed as plural or vice versa when necessary to facilitate the answer to a discovery

5    request.

6                                    **INSTRUCTIONS**

7    1.    This subpoena relates to all DOCUMENTS under YOUR custody, possession or

8    control, including but not limited to DOCUMENTS in the possession of your agents or

9    representatives.

10    2.    YOU are required to produce the original of each DOCUMENT described below

11    or, if the original is not in YOUR custody, then a copy of the same, and in any event all non-

12    identical copies that differ from the original or from the other copies produced for any reason,

13    including, but not limited to, the existence of notes or marginalia on such copies.

14    3.    If any of the DOCUMENTS requested below are claimed by YOU to be privileged

15    or are otherwise withheld, produce a log accompanying the DOCUMENT production setting forth

16    with respect to each such DOCUMENT, facts of sufficient specificity to permit the Court to make

17    a full determination as to whether the claim of privilege is valid, including each and every fact or

18    basis upon which said privilege is claimed.  In particular, and without limiting the generality of

19    the foregoing, set forth with respect to each such DOCUMENT:

20              (i)     the author of the DOCUMENT;

21              (ii)    the addressee, if any, and those persons or entities, if any, specified in the

22                      DOCUMENT to receive a copy thereof, and those persons or entities

23                      known by defendants to have actually received a copy thereof;

24              (iii)   the title of the DOCUMENT, if any, or other identifying data;

25              (iv)    the type of DOCUMENT (e.g., memorandum, letter);

26              (v)     in summary, the nature and subject matter of the DOCUMENT;

27              (vi)    the current location of the DOCUMENT;

28              (vii)   the date on which the DOCUMENT was prepared;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21562522.1                              3

ATTACHMENT 1 TO SUBPOENA TO U.S. ATTORNEY'S OFFICE, N.D. CAL.

1       (viii)   the date on which the DOCUMENT was sent or received, as the case may

2               be; and

3       (ix)    the basis upon which such privilege or work product is claimed.

4                              **DOCUMENTS SUBPOENAED**

5       1.      ALL FBI form FD-302s of interviews of the following PERSONS: (a) Vinayak S.

6  Gowrish; (b) Adnan S. Zaman; (c) Pascal S. Vaghar; (d) Sameer N. Khoury; (e) Elias N. Khoury;

7  (f) Christopher Zand; and (g) Kamyar Vaghar.

8       2.      ALL DOCUMENTS, including notes, created by YOU during ANY interviews of

9  the following PERSONS: (a) Vinayak S. Gowrish; (b) Adnan S. Zaman; (c) Pascal S. Vaghar; (d)

10  Sameer N. Khoury; (e) Elias N. Khoury; (f) Christopher Zand; and (g) Kamyar Vaghar.

11       3.      ALL FBI form FD-302s of interviews of ANY PERSONS RELATED TO the

12  investigation that led to the Information and Plea Agreement in *United States v. Zaman*, Case No.

13  CR 09-1178-SI (N.D. Cal.), including any attachments.

14       4.      ALL FBI form FD-302s of interviews of ANY PERSONS RELATED TO the

15  insider trading "scheme" alleged in the complaint filed by the SEC in *SEC v. Gowrish*, Case No.

16  CV 09-5883-SI (N.D. Cal.), including any attachments.

17       5.      ALL COMMUNICATIONS and records of COMMUNICATIONS between YOU

18  and the SEC RELATED TO the investigation that led to the Information and Plea Agreement in

19  *United States v. Zaman*, Case No. CR 09-1178-SI (N.D. Cal.), including any attachments.

20       6.      ALL COMMUNICATIONS and records of COMMUNICATIONS between YOU

21  and the SEC RELATED TO the insider trading "scheme" alleged in the complaint filed by the

22  SEC in *SEC v. Gowrish*, Case No. CV 09-5883-SI (N.D. Cal.), including any attachments.

23

24

25

26

27

28

DB2/21562522.1                        4

ATTACHMENT 1 TO SUBPOENA TO U.S. ATTORNEY'S OFFICE, N.D. CAL.

Page 1 of 1

From:   Origin ID: JCCA   (415) 442-1000
Jason Allen

1 Market Plaza
Spear Street Tower
San Francisco, CA 94105


FedEx.
Express

Ship Date: 22FEB10
ActWgt: 1.0 LB
CAD: 101620890/INET3010


COPY

Delivery Address Bar Code



SHIP TO:   (415) 436-7200          BILL SENDER
**Thomas E. Stevens**

**450 GOLDEN GATE AVE FL 11
ASSISTANT U.S. ATTORNEY
SAN FRANCISCO, CA 94102**

Ref #   701327-099900-0000
Invoice #
PO #
Dept #



TRK#  7932 8983 1659
0201

TUE - 23 FEB  A4
STANDARD OVERNIGHT
RES

94102

CA-US

SFO

**WA SFOA**



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

https://www.fedex.com/shipping/html/en//PrintIFrame.html                    2/22/2010

# Exhibit 2
to
**Hemann Declaration**

# Exhibit 2
to
**Hemann Declaration**

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) |
| *Plaintiff* | ) |
| v. | ) |
| VINAYAK S. GOWRISH, ET AL. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   CV 09-5883-SI

(If the action is pending in another district, state where:

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  Custodian of Records, United States Federal Bureau of Investigation, San Francisco Division
     450 Golden Gate Avenue, 13th Floor, San Francisco, CA 94102

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: Morgan, Lewis & Bockius LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105 | Date and Time:<br>03/15/2010 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    03/04/2010

CLERK OF COURT

_____       OR       _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

Vinayak S. Gowrish

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
_____ , who issues or requests this subpoena, are:

John H. Hemann
Morgan, Lewis & Bockius LLP, One Market, Spear Street Tower, San Francisco, CA 94105
jhemann@morganlewis.com  (415) 442-1355

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.  CV 09-5883-SI

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*    Custodian of Records, U.S. Federal Bureau of Investigation

was received by me on *(date)*    03/04/2010    .

❐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because _____ ; or

☑ other *(specify):*  Pursuant to agreement, I served the subpoena to FBI agent Brenda Atkinson via electronic
mail (brenda.atkinson@ic.fbi.gov) on March 4, 2010.


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .


I declare under penalty of perjury that this information is true.

Date:    03/04/2010

_Linda Buda_
_____
*Server's signature*

_____
Linda Buda, Legal Secretary
*Printed name and title*
Morgan Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105

_____
*Server's address*


Additional information regarding attempted service, etc:

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1   **Attachment 1 to Subpoena to Federal Bureau of Investigation, San Francisco Division**

2   *SEC v. Gowrish*, Case No. CV 09-5883-SI (N.D. Cal.)

3   **DEFINITIONS**

4        For ease of understanding this set of document requests, certain defined terms are used.

5   They appear in all capital letters and are defined as follows:

6        1.    "YOU" or "YOUR" mean and refer to the Federal Bureau of Investigation, San

7   Francisco Division, on whom this subpoena has been served, and includes anyone working on its

8   behalf, including, but not limited to, attorneys, employees, agents and representatives.

9        2.    "SEC" means and refers to the United States Securities and Exchange

10   Commission, and includes anyone working on its behalf, including, but not limited to, attorneys,

11   employees, agents and representatives.

12        3.    "FBI" means and refers to the United States Federal Bureau of Investigation, and

13   includes anyone working on its behalf, including, but not limited to, attorneys, employees, agents

14   and representatives.

15        4.    The terms "DOCUMENT" or "DOCUMENTS" are used in the broadest sense

16   permitted under applicable law, and include but are not limited to any printed, written, graphic,

17   photographic, magnetic or electronic matter, however printed, produced or reproduced, coded or

18   stored, of any kind or description, whether sent or received or not, including all originals, copies,

19   reproductions, facsimiles, drafts and both sides thereof, now or at any time in YOUR possession,

20   custody or control.  The terms shall include, without limitation, letters, memoranda,

21   correspondence, all COMMUNICATIONS (intra- and inter-office and intra- and inter-

22   departmental), notes, working papers, reports, messages or notes of telephone or other oral

23   conversations or meetings, including voicemails, routing slips, records, books, manuals, policy

24   statements, rules, regulations, guidelines, graphs, charts, drawings, sketches, models,

25   photographs, microfilm, microfiche, prints, slides, negatives, videotapes, tape recordings,

26   cassettes, compact discs, surveys, summaries, statements, opinions, evaluations, licenses,

27   agreements, contracts, proposals, work papers, forecasts, statistical records, transactional files,

28   telegrams, telex, messages, marginalia, notations, minutes, agenda, transcripts, affidavits,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21562523.1

ATTACHMENT 1 TO SUBPOENA TO FBI, SAN FRANCISCO DIVISION

1   declarations, calendars, appointment books, diaries, timesheets, logs, files, binders, financial

2   statements, cost sheets, reports, receipts, accounts, requisitions, charge slips, checks, invoices,

3   ledgers and books of account.  The terms further shall include any information currently or

4   previously contained on any magnetic or electronic storage device, including, without limitation,

5   computer-stored data or databases, punch cards, data processing, magnetic and computer tapes,

6   electronic mail, voicemail, LAN, servers, diskettes, floppies, drives, hard disks, backup tapes,

7   jazz and zip drives, CD-ROMs, optical discs, printer and fax machine buffers, smart cards, PDAs,

8   palmtops and handheld computing devices, and laptops and electronic notebooks, as well as any

9   printouts or readouts from any magnetic or electronic storage device.

10          5.      The term "COMMUNICATIONS" means and refers to every manner or means of

11  disclosure, transfer or exchange of information, whether orally or by DOCUMENT, and whether

12  by telephone, voicemail, mail, electronic mail or other electronic transmission, facsimile, personal

13  delivery, conversation, "carbon copy" or otherwise.

14          6.      The terms "RELATING TO," "RELATED TO" or "RELATE(S) TO" mean that,

15  from the content of the document itself, either in whole or in part, other accompanying

16  documents, or its location in a file, it can be reasonably ascertained that the document pertains to

17  the subject identified.

18          7.      The term "PERSON" or "PERSONS" includes, but is not limited to, any natural

19  person in any capacity whatsoever, corporate or other business entities, and all other forms of

20  legal entities, including divisions, subsidiaries, departments, and other units therein and shall

21  include, but is not limited to the following: corporations, partnerships, joint ventures, voluntary or

22  unincorporated associations, business organizations, trade organizations, standards organizations,

23  governmental entities (including commissions, bureaus and departments), trusts, estates, sole

24  proprietorships and all other entities similar to any of the foregoing, however denominated.

25          8.      The terms "AND" and "OR" shall be construed conjunctively or disjunctively as

26  necessary to make the request inclusive rather than exclusive, and so as to acquire the broadest

27  possible meaning.

28          9.      The terms "ALL," "ANY," and "EACH" shall be construed to bring within the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21562523.1                                2

ATTACHMENT 1 TO SUBPOENA TO FBI, SAN FRANCISCO DIVISION

1    scope of discovery all information that otherwise might be construed to be outside its scope.

2        10.    The singular includes the plural, and vice versa.  Any word written in the singular

3    shall be construed as plural or vice versa when necessary to facilitate the answer to a discovery

4    request.

5                                          **INSTRUCTIONS**

6        1.    This subpoena relates to all DOCUMENTS under YOUR custody, possession or

7    control, including but not limited to DOCUMENTS in the possession of your agents or

8    representatives.

9        2.    YOU are required to produce the original of each DOCUMENT described below

10   or, if the original is not in YOUR custody, then a copy of the same, and in any event all non-

11   identical copies that differ from the original or from the other copies produced for any reason,

12   including, but not limited to, the existence of notes or marginalia on such copies.

13       3.    If any of the DOCUMENTS requested below are claimed by YOU to be privileged

14   or are otherwise withheld, produce a log accompanying the DOCUMENT production setting forth

15   with respect to each such DOCUMENT, facts of sufficient specificity to permit the Court to make

16   a full determination as to whether the claim of privilege is valid, including each and every fact or

17   basis upon which said privilege is claimed.  In particular, and without limiting the generality of

18   the foregoing, set forth with respect to each such DOCUMENT:

19            (i)     the author of the DOCUMENT;

20            (ii)    the addressee, if any, and those persons or entities, if any, specified in the

21                    DOCUMENT to receive a copy thereof, and those persons or entities

22                    known by defendants to have actually received a copy thereof;

23            (iii)   the title of the DOCUMENT, if any, or other identifying data;

24            (iv)    the type of DOCUMENT (e.g., memorandum, letter);

25            (v)     in summary, the nature and subject matter of the DOCUMENT;

26            (vi)    the current location of the DOCUMENT;

27            (vii)   the date on which the DOCUMENT was prepared;

28            (viii)  the date on which the DOCUMENT was sent or received, as the case may

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21562523.1                              3

ATTACHMENT 1 TO SUBPOENA TO FBI, SAN FRANCISCO DIVISION

1          be; and

2          (ix)    the basis upon which such privilege or work product is claimed.

3                          **DOCUMENTS SUBPOENAED**

4          1.      ALL FBI form FD-302s of interviews of the following PERSONS: (a) Vinayak S.

5   Gowrish; (b) Adnan S. Zaman; (c) Pascal S. Vaghar; (d) Sameer N. Khoury; (e) Elias N. Khoury;

6   (f) Christopher Zand; and (g) Kamyar Vaghar.

7          2.      ALL DOCUMENTS, including notes, created by YOU during ANY interviews of

8   the following PERSONS: (a) Vinayak S. Gowrish; (b) Adnan S. Zaman; (c) Pascal S. Vaghar; (d)

9   Sameer N. Khoury; (e) Elias N. Khoury; (f) Christopher Zand; and (g) Kamyar Vaghar.

10          3.      ALL FBI form FD-302s of interviews of ANY PERSONS RELATED TO the

11   investigation that led to the Information and Plea Agreement in *United States v. Zaman*, Case No.

12   CR 09-1178-SI (N.D. Cal.), including any attachments.

13          4.      ALL FBI form FD-302s of interviews of ANY PERSONS RELATED TO the

14   insider trading "scheme" alleged in the complaint filed by the SEC in *SEC v. Gowrish*, Case No.

15   CV 09-5883-SI (N.D. Cal.), including any attachments.

16          5.      ALL COMMUNICATIONS and records of COMMUNICATIONS between YOU

17   and the SEC RELATED TO the investigation that led to the Information and Plea Agreement in

18   *United States v. Zaman*, Case No. CR 09-1178-SI (N.D. Cal.), including any attachments.

19          6.      ALL COMMUNICATIONS and records of COMMUNICATIONS between YOU

20   and the SEC RELATED TO the insider trading "scheme" alleged in the complaint filed by the

21   SEC in *SEC v. Gowrish*, Case No. CV 09-5883-SI (N.D. Cal.), including any attachments.

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21562523.1                                    4

ATTACHMENT 1 TO SUBPOENA TO FBI, SAN FRANCISCO DIVISION

# Exhibit 3

to
**Hemann Declaration**

# Exhibit 3

to
**Hemann Declaration**

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) |
| *Plaintiff* | ) |
| v. | ) |
| VINAYAK S. GOWRISH, ET AL. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  CV 09-5883-SI

(If the action is pending in another district, state where:

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  Custodian of Records, United States Attorney's Office for the Northern District of California
450 Golden Gate Avenue, 11th Floor, San Francisco, CA 94102

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: Morgan, Lewis & Bockius LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105 | Date and Time:<br>03/15/2010 10:00  a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  03/04/2010

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     Vinayak S. Gowrish
_____ , who issues or requests this subpoena, are:

John H. Hemann
Morgan, Lewis & Bockius LLP, One Market, Spear Street Tower, San Francisco, CA 94105
jhemann@morganlewis.com  (415) 442-1355

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.  CV 09-5883-SI

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

This subpoena for (name of individual and title, if any)   Custodian of Records, U.S. Attorney's Office for N.Dist.of CA

was received by me on (date)   03/04/2010   .

☐ I personally served the subpoena on the individual at (place) _____

_____ on (date) _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with (name) _____

_____ , a person of suitable age and discretion who resides there,

on (date) _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to (name of individual) _____ , who is

designated by law to accept service of process on behalf of (name of organization) _____

_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☑ other (specify):  Pursuant to agreement, I served the subpoena to Assistant U.S. Attorney, Brian Stretch via
electronic mail (brian.stretch@usdoj.gov) on March 4, 2010.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   03/04/2010            _Linda Buda_
_____
Server's signature

Linda Buda
_____
Printed name and title

Morgan Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
_____
Server's address

Additional information regarding attempted service, etc:

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1    **Attachment 1 to Subpoena to U.S. Attorney's Office for the Northern District of California**

2    *SEC v. Gowrish*, Case No. CV 09-5883-SI (N.D. Cal.)

3    **DEFINITIONS**

4    For ease of understanding this set of document requests, certain defined terms are used.

5    They appear in all capital letters and are defined as follows:

6    1.    "YOU" or "YOUR" mean and refer to the United States Attorney's Office for the

7    Northern District of California, on whom this subpoena has been served, and includes anyone

8    working on its behalf, including, but not limited to, attorneys, employees, agents and

9    representatives.

10    2.    "SEC" means and refers to the United States Securities and Exchange

11    Commission, and includes anyone working on its behalf, including, but not limited to, attorneys,

12    employees, agents and representatives.

13    3.    "FBI" means and refers to the United States Federal Bureau of Investigation, and

14    includes anyone working on its behalf, including, but not limited to, attorneys, employees, agents

15    and representatives.

16    4.    The terms "DOCUMENT" or "DOCUMENTS" are used in the broadest sense

17    permitted under applicable law, and include but are not limited to any printed, written, graphic,

18    photographic, magnetic or electronic matter, however printed, produced or reproduced, coded or

19    stored, of any kind or description, whether sent or received or not, including all originals, copies,

20    reproductions, facsimiles, drafts and both sides thereof, now or at any time in YOUR possession,

21    custody or control.  The terms shall include, without limitation, letters, memoranda,

22    correspondence, all COMMUNICATIONS (intra- and inter-office and intra- and inter-

23    departmental), notes, working papers, reports, messages or notes of telephone or other oral

24    conversations or meetings, including voicemails, routing slips, records, books, manuals, policy

25    statements, rules, regulations, guidelines, graphs, charts, drawings, sketches, models,

26    photographs, microfilm, microfiche, prints, slides, negatives, videotapes, tape recordings,

27    cassettes, compact discs, surveys, summaries, statements, opinions, evaluations, licenses,

28    agreements, contracts, proposals, work papers, forecasts, statistical records, transactional files,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21562522.1

ATTACHMENT 1 TO SUBPOENA TO U.S. ATTORNEY'S OFFICE, N.D. CAL.

1  telegrams, telex, messages, marginalia, notations, minutes, agenda, transcripts, affidavits,

2  declarations, calendars, appointment books, diaries, timesheets, logs, files, binders, financial

3  statements, cost sheets, reports, receipts, accounts, requisitions, charge slips, checks, invoices,

4  ledgers and books of account. The terms further shall include any information currently or

5  previously contained on any magnetic or electronic storage device, including, without limitation,

6  computer-stored data or databases, punch cards, data processing, magnetic and computer tapes,

7  electronic mail, voicemail, LAN, servers, diskettes, floppies, drives, hard disks, backup tapes,

8  jazz and zip drives, CD-ROMs, optical discs, printer and fax machine buffers, smart cards, PDAs,

9  palmtops and handheld computing devices, and laptops and electronic notebooks, as well as any

10  printouts or readouts from any magnetic or electronic storage device.

11       5.     The term "COMMUNICATIONS" means and refers to every manner or means of

12  disclosure, transfer or exchange of information, whether orally or by DOCUMENT, and whether

13  by telephone, voicemail, mail, electronic mail or other electronic transmission, facsimile, personal

14  delivery, conversation, "carbon copy" or otherwise.

15       6.     The terms "RELATING TO," "RELATED TO" or "RELATE(S) TO" mean that,

16  from the content of the document itself, either in whole or in part, other accompanying

17  documents, or its location in a file, it can be reasonably ascertained that the document pertains to

18  the subject identified.

19       7.     The term "PERSON" or "PERSONS" includes, but is not limited to, any natural

20  person in any capacity whatsoever, corporate or other business entities, and all other forms of

21  legal entities, including divisions, subsidiaries, departments, and other units therein and shall

22  include, but is not limited to the following: corporations, partnerships, joint ventures, voluntary or

23  unincorporated associations, business organizations, trade organizations, standards organizations,

24  governmental entities (including commissions, bureaus and departments), trusts, estates, sole

25  proprietorships and all other entities similar to any of the foregoing, however denominated.

26       8.     The terms "AND" and "OR" shall be construed conjunctively or disjunctively as

27  necessary to make the request inclusive rather than exclusive, and so as to acquire the broadest

28  possible meaning.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21562522.1                   2

ATTACHMENT 1 TO SUBPOENA TO U.S. ATTORNEY'S OFFICE, N.D. CAL.

9.     The terms "ALL," "ANY," and "EACH" shall be construed to bring within the scope of discovery all information that otherwise might be construed to be outside its scope.

10.    The singular includes the plural, and vice versa.  Any word written in the singular shall be construed as plural or vice versa when necessary to facilitate the answer to a discovery request.

## INSTRUCTIONS

1.     This subpoena relates to all DOCUMENTS under YOUR custody, possession or control, including but not limited to DOCUMENTS in the possession of your agents or representatives.

2.     YOU are required to produce the original of each DOCUMENT described below or, if the original is not in YOUR custody, then a copy of the same, and in any event all non-identical copies that differ from the original or from the other copies produced for any reason, including, but not limited to, the existence of notes or marginalia on such copies.

3.     If any of the DOCUMENTS requested below are claimed by YOU to be privileged or are otherwise withheld, produce a log accompanying the DOCUMENT production setting forth with respect to each such DOCUMENT, facts of sufficient specificity to permit the Court to make a full determination as to whether the claim of privilege is valid, including each and every fact or basis upon which said privilege is claimed.  In particular, and without limiting the generality of the foregoing, set forth with respect to each such DOCUMENT:

(i)     the author of the DOCUMENT;

(ii)    the addressee, if any, and those persons or entities, if any, specified in the DOCUMENT to receive a copy thereof, and those persons or entities known by defendants to have actually received a copy thereof;

(iii)   the title of the DOCUMENT, if any, or other identifying data;

(iv)    the type of DOCUMENT (e.g., memorandum, letter);

(v)     in summary, the nature and subject matter of the DOCUMENT;

(vi)    the current location of the DOCUMENT;

(vii)   the date on which the DOCUMENT was prepared;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21562522.1                                    3
ATTACHMENT 1 TO SUBPOENA TO U.S. ATTORNEY'S OFFICE, N.D. CAL.

1    (viii)   the date on which the DOCUMENT was sent or received, as the case may

2    be; and

3    (ix)    the basis upon which such privilege or work product is claimed.

4    **DOCUMENTS SUBPOENAED**

5    1.    ALL FBI form FD-302s of interviews of the following PERSONS: (a) Vinayak S.

6    Gowrish; (b) Adnan S. Zaman; (c) Pascal S. Vaghar; (d) Sameer N. Khoury; (e) Elias N. Khoury;

7    (f) Christopher Zand; and (g) Kamyar Vaghar.

8    2.    ALL DOCUMENTS, including notes, created by YOU during ANY interviews of

9    the following PERSONS: (a) Vinayak S. Gowrish; (b) Adnan S. Zaman; (c) Pascal S. Vaghar; (d)

10    Sameer N. Khoury; (e) Elias N. Khoury; (f) Christopher Zand; and (g) Kamyar Vaghar.

11    3.    ALL FBI form FD-302s of interviews of ANY PERSONS RELATED TO the

12    investigation that led to the Information and Plea Agreement in *United States v. Zaman*, Case No.

13    CR 09-1178-SI (N.D. Cal.), including any attachments.

14    4.    ALL FBI form FD-302s of interviews of ANY PERSONS RELATED TO the

15    insider trading "scheme" alleged in the complaint filed by the SEC in *SEC v. Gowrish*, Case No.

16    CV 09-5883-SI (N.D. Cal.), including any attachments.

17    5.    ALL COMMUNICATIONS and records of COMMUNICATIONS between YOU

18    and the SEC RELATED TO the investigation that led to the Information and Plea Agreement in

19    *United States v. Zaman*, Case No. CR 09-1178-SI (N.D. Cal.), including any attachments.

20    6.    ALL COMMUNICATIONS and records of COMMUNICATIONS between YOU

21    and the SEC RELATED TO the insider trading "scheme" alleged in the complaint filed by the

22    SEC in *SEC v. Gowrish*, Case No. CV 09-5883-SI (N.D. Cal.), including any attachments.

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21562522.1                    4

ATTACHMENT 1 TO SUBPOENA TO U.S. ATTORNEY'S OFFICE, N.D. CAL.

# Exhibit 4

to

**Hemann Declaration**

# Exhibit 4

to

**Hemann Declaration**



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

Thomas E. Stevens
*Assistant United States Attorney*

11th Floor, Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, California  94102-3495

Telephone: (415) 436-6559
Facsimile: (415) 436-7234
email:  Thomas.Stevens@usdoj.gov

March 25, 2010



*Via Email and U.S. Mail*
John H. Hemann, Esq.
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105

Re:  *SEC v. Gowrish,* Case No. CV 09-5883-SI (N.D. Cal.)

Dear John,

      I write on behalf of the United States Attorney's Office for the Northern District of California ("USAO") and the Federal Bureau of Investigation ("FBI") in response to your letter dated February 22, 2010 and subsequent subpoenas served by defendant Vinayak Gowrish ("Gowrish") on each governmental entity in the above-referenced action.  We appreciate the effort made by Gowrish to follow the *Touhy* (*United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951); 28 C.F.R. § 16.21, *et seq.*) procedures; however, pursuant to those regulations and applicable case law and statutory authority, the USAO and FBI object to the subpoenas and respectfully decline to produce responsive documents.

      The two subpoenas seek substantially the same documents from the USAO and FBI:  (i) reports on FBI Form FD-302 of interviews of Gowrish, Adnan Zaman, Pascal S. Vaghar, Sameer N. Khoury, Elias Khoury, Christopher Zand, Kamyar Vaghar and anyone else related to the investigation leading to the Information and plea in *United States v. Zaman,* Case No. CR-09-1178-SI, or the "scheme" in *SEC v. Gowrish*; (ii) notes taken during those interviews; and (iii) all communications between the USAO and FBI, on the one hand, and the SEC, on the other hand, related to the scheme alleged in *SEC v. Gowrish.*

      The principal bases of the objection to production are, without waiver or limitation of other arguments to be presented in the event that Gowrish seeks to compel production, as follows:

1.     Law enforcement privilege, as defined in case law and 28 U.S.C. § 16.26(b)(5);
2.     Civil discovery processes are available to Gowrish to obtain statements of the witnesses whose interview reports he seeks;
3.     Relevancy (particularly as to the interview notes and communications among the FBI, USAO and SEC); and
4.     Privacy Act, 5 U.S.C. § 552a, which generally prohibits federal agencies from disclosing records that are retrieved by the name of an individual, subject to certain conditions which are inapplicable here.

Please contact me with any questions concerning the foregoing.

Sincerely,

JOSEPH P. RUSSONIELLO
United States Attorney

Thomas E. Stevens
Assistant United States Attorney