IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>  v.<br><br>VINAYAK S. GOWRISH,<br><br>        Defendant.<br>_____/ | No. C 09-05883 SI<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SUBMIT DOCUMENTS *IN CAMERA* AND UNDER SEAL; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL** |

Defendant Vinayak Gowrish's motion to compel production of documents and the United States Attorney's administrative motion to submit documents *in camera* and under seal are currently set for hearing on May 14, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court GRANTS the motion to submit documents *in camera*[1] and GRANTS in part and DENIES in part the motion to compel.

**BACKGROUND**

On December 16, 2009, the Securities and Exchange Commission ("SEC") filed this complaint for civil violations of the federal securities laws against defendants Vinayak Gowrish, Adnan Zaman,

---

[1] The Court grants the United States Attorney's administrative motion to submit certain documents *in camera* and under seal. Without reviewing these documents on an *in camera* basis, the Court would have been unable to determine the propriety of the government's objections to defendant's discovery requests.

Pascal Vaghar, and Sameer Khoury and against relief defendant Elias Khoury,[2] Sameer Khoury's brother.[3] The complaint alleged that defendants engaged in insider trading in violation of the Securities Exchange Act of 1934 and Rules 10b-5 and 14e-3 promulgated thereunder. Complaint ¶ 3. According to the complaint, defendants Gowrish and Zaman illegally tipped material, nonpublic merger and acquisition information obtained through their employers, a private equity firm and an investment bank, to defendants Vaghar and Sameer Khoury. Vaghar and Khoury allegedly traded on the basis of the tipped information and received significant profits, some of which they kicked back to Gowrish and Zaman. *Id.* ¶ 1. Consent judgments for disgorgement of profits gained as a result of the trading alleged in the complaint, plus prejudgment interest, have now been entered as to all defendants except Gowrish.

The same day the civil complaint was filed, the United States Attorney for the Northern District of California filed a criminal Information against Zaman, alleging criminal insider trading violations; Zaman subsequently pled guilty and is set to be sentenced on Friday, May 14 (the same day the hearing on the present motion is to be held). To date, no additional criminal charges have been filed in connection with the alleged insider trading scheme.

In the motion now before the Court, Gowrish seeks to compel production of documents created by the Federal Bureau of Investigation ("FBI") and the United States Attorney's Office ("USAO") (collectively, "government") during their criminal investigation.

## DISCUSSION
### I. Interview Notes and 302s

Gowrish first seeks to compel the production of notes and 302s created by FBI agents during their investigative interviews with various witnesses, including Zaman, Vaghar, and Khoury. These documents were shared with the SEC prior to the filing of the civil complaint. Gowrish served a third-party subpoena for these documents on the government, but the government has refused to produce the

---

[2] Although relief defendant Elias Khoury is alleged to have permitted his brother to trade in his account and to have shared profits with him, he is not alleged to have known that Khoury was trading on the basis of illegally tipped information. *Id.* ¶ 21.

[3] All subsequent references to "Khoury" in this order pertain to Sameer Khoury.

documents on the grounds that they are protected from disclosure by the law enforcement privilege and the Privacy Act.

The purpose of the law enforcement privilege is "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re Dep't of Inv. of City of N.Y.*, 856 F.2d 481, 484 (2d Cir. 1988). Before the government may assert the privilege, "the information for which the privilege is claimed must be specified, with an explanation why it properly falls within the scope of the privilege." *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1978). In deciding whether the privilege should apply, courts typically balance the following factors:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

*Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973), overruled on other grounds, *Startzell v. City of Phila.*, No. 05-05287, 2006 WL 2945226 (E.D. Pa. Oct. 13, 2006).

In the Court's view, the government has not presented a compelling justification for applying the law enforcement privilege to the notes and 302s in this case. The government concedes that factors 3 and 7 are inapplicable in this case, and relies primarily on factors 1, 2, 5, 6, and 9. With respect to factor 1, the government has not made a strong showing that disclosure of the 302s will discourage witnesses from cooperating with the government, given that some of the witnesses about which the government expresses concern have already publicly cooperated by entering into consent judgments in this case. Factor 2 is inapplicable because the SEC has already disclosed the identities of the witnesses to Gowrish. Factor 5 does not weigh strongly in the government's favor. Factor 6 does weigh in the government's favor, and the Court will impose certain restraints on the disclosure in view of the

3

concerns embodied in factor 6. Finally, with respect to factor 9, although it is true that Gowrish may obtain some of the information he seeks through deposing the relevant witnesses, the government's lack of opposition to Gowrish's conducting these depositions also undermines the government's asserted need for privacy.

Moreover, the documents at issue are not protected by the Privacy Act. The Privacy Act generally prohibits the federal government from disclosing records maintained under the name of an individual – like the 302s at issue here. *See* 5 U.S.C. § 552a. However, records that may otherwise be protected by the Privacy Act may still be discovered through litigation if ordered by a court. *Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir. 1987) ("[A] party can invoke discovery of materials protected by the Privacy Act through the normal discovery process and according to the usual discovery standards, and the test of discoverability is the relevance standard of Rule 26(b)(1) of the FRCP."). The government acknowledges that "Gowrish is correct that an exception [to the Privacy Act] exists for court-ordered discovery," but argues that the exception "does not apply because the law enforcement privilege forecloses an order in his favor." Having disagreed with the government on that point, and because there is no dispute as to the relevance of the information sought, the Court finds no basis to deny discovery under the Privacy Act.

"The fact that a document is subject to the Privacy Act is not, however, irrelevant to the manner in which discovery should proceed. Although discovery standards under the FRCP permit access to relevant documents protected by the Act, those same FRCP standards give the District Court ample discretion to fashion appropriate protective orders upon a showing of 'good cause.'" *Id.* (quoting Fed. R. Civ. P. 26(c)). The government has shown good cause for limiting Gowrish's access to some of the materials sought. Accordingly, the Court hereby GRANTS Gowrish's motion to compel production of notes and 302s, subject to the following: to the extent the government believes disclosure may compromise any ongoing, unrelated criminal investigation, it may produce copies of the 302s from which it has redacted any compromising information. The government shall simultaneously lodge unredacted copies of the same documents for the Court's *in camera* review of the redactions.

**II.     Interagency Communications**

Second, Gowrish seeks to compel production of all communications and records of

4

communications between the SEC and either the FBI or the USAO in connection with the criminal and civil cases. The government objects to the request on the grounds that the interagency communications are (1) irrelevant, (2) available through discovery from the SEC, and (3) protected by the law enforcement privilege. The government has submitted the communications at issue for the Court's *in camera* review, and the Court has examined the documents.

Even to the extent these communications may be relevant to Gowrish's case, the Court agrees with the government that the documents are more appropriately sought from the SEC. Gowrish objects to this reasoning on the ground that, "If each agency is permitted to point the finger to the other two agencies as 'better' avenues for discovery of these communications, then *none* of the communications will be produced." Reply at 12. However, there is no indication that Gowrish has attempted to obtain discovery of the communications directly from the SEC. Moreover, unlike the notes and 302s discussed in the foregoing section of this order, the SEC has access to records of its own communications with the FBI and USAO in connection with the agencies' investigations. In the Court's view, it is more appropriate for Gowrish to serve this discovery request upon the SEC, which, as a party to this litigation, must produce the documents unless it has some legitimate objection.

The motion to compel production of communications is therefore DENIED.

## CONCLUSION

The USAO's motion to submit documents *in camera* and under seal is GRANTED. (Docket No. 29). Gowrish's motion to compel is DENIED as to the interagency communications and GRANTED as to the notes and 302, subject to the limitations stated above. (Docket No. 23). The FBI and USAO shall produce redacted copies of the documents to Gowrish, and shall lodge unredacted copies with the Court for its *in camera* review, no later than **May 28, 2010.**

**IT IS SO ORDERED.**

Dated: May 12, 2010

SUSAN ILLSTON
United States District Judge

5