

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 F St., N.E.
Washington, D.C. 20549-4010

DIVISION OF
ENFORCEMENT

James A. Kidney
Assistant Chief Litigation Counsel
Direct dial: 202-551-4441
Facsimile: 202-772-9246
Internet: kidneyj@sec.gov

December 16, 2010

**By ECF and UPS Overnight Delivery**

Hon. Susan Illston
United States District Judge
United States Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   SEC v Gowrish, 09 cv 5883 (SI): Defendant Violation of Redaction Rules and Disrespect to Plaintiff and Counsel

Dear Judge Illston:

      I write on behalf of the plaintiff, the Securities and Exchange Commission, as well as on a point of personal privilege for myself.  I am fully aware that all courts are unhappy to receive letters on what appears to be bickering among counsel, but I believe that two issues that have arisen in the course of letter exchanges filed with the Court this week warrant notice.

      A.      Defense Letter of December 13, 2010 Related to Medical Records

      The more serious issue in terms of practical effect is the failure of defense counsel not only to follow the ECF filing rules and Rule 5.2 of the Federal Rules of Civil Procedure by not redacting personal information from filings as those rules require, but also the extraordinarily poor judgment of counsel in placing on the public docket of the Northern District of California extremely private medical records of a person whose only role in this litigation is that of a witness.  We request that the Court require the Office of the Clerk to withdraw the entire letter, including exhibits, from the docket and the ECF server.  Should counsel still wish to seek relief, the Court should require that the material be filed as a formal motion with the personal information about the witness, including the medical files attached to the letter as an exhibit, filed under seal.

      We are in no position to know if the defense team was merely reckless or was intentional in putting this sensitive information into the public record. Both the letter of the ECF rules and the Rules of Federal Procedure were violated by failing to redact the date of birth and all but the last four digits of the witness's social security number.  It is difficult to believe this was an accident since counsel must check a box directed to these rules before filing and a notice appears on the ECF page when finally submitting a filing again reminding counsel of the privacy rules.

But the failure to abide by the ECF rules and Rule 5.2 of the Federal Rules of Civil Procedure was, in our view, the least of the offense. Common courtesy should have caused defense counsel not to place on the public docket the information that it did. We will not rehash that information in this letter, which also is on the public record. Any person who reads the letter filed by the defense and its attachments will have no problem concluding that the defense filing constitutes a serious invasion of the privacy of a witness without even the hint of due process or other legal protection.

As a law enforcement agency the SEC relies on citizens coming forward as "whistle blowers" or, as in this case, persons who are witnesses to, or participate in, unlawful conduct. They are of immense assistance in enforcing the laws. It is fair game for a defendant to question the veracity and integrity of such witnesses, but it is simply wrong to punish them by unfairly exposing their most private medical issues to the public at-large without benefit of notice and due process. We have not spoken to the witness about this situation, but any person would be wounded by having such information about them placed on the public record without notice and an opportunity to be heard. The damage is done, but it can be contained by the Court by entering the relief we request.

### B. Defense Letter of December 13 Related to FBI Proffer Notes

The Court does not invite replies to letter motions, and we will try to avoid doing so with respect to the intemperate defense letter responding to the SEC's request that FBI notes of Pascal Vaghar's proffer sessions be made available to Mr. Vaghar.[1]

The defense letter all but states that the SEC and its counsel will encourage one of its witnesses to perjure himself when testifying at trial. The letter blithely asserts, without any basis at all, that the SEC will be "coaching" the witness (letter at paragraph 3), that if the relief requested is denied the SEC will be unable to "fix" the witness's testimony (letter, p. 2 at paragraph 5) and that all the SEC wants is the ability to "conform his recollection" (same paragraph). It is suggested that it is improper for SEC counsel to meet with the witness prior to trial because the objective must be "to fix his detrimental testimony in advance of trial" (page 4, first paragraph). "Coach" is used again at p. 4, paragraph 5 and the letter concludes with a charge that "the SEC wishes to manipulate [the witness's] testimony out of the presence of opposing counsel, the jury, and the Court." (page 5, 4th full paragraph).[2]

Aside from the obvious question of why the SEC would file a motion on the public docket with asking to provide Vaghar with access to the proffer notes if it was intending to all-but-suborn perjury, the letter is rife with disrespect for the plaintiff and counsel and, if the letter is deemed to be in good faith, an astonishing ignorance of the civil (and criminal) litigation process. As we will propose in our

---

[1] We do need to note, so that the Court does not err, that *Brady* does not apply to the SEC in civil court litigation. The SEC has voluntarily adopted a rule for its own administrative procedures requiring Brady production, but it is not applicable to actions brought in federal court. The SEC stands as any other civil litigant in federal court – *Brady* does not apply.

[2] To the lay person, "coach" and "prepare" may not be significantly different. To litigators, of course, the former is pejorative, signifying encouraging witnesses to lie. The latter term is professional and carries no opprobrium.

jury instructions, it is perfectly appropriate for plaintiff's counsel (and defense counsel) to contact any trial witness he or she wishes, other than the defendant, when preparing for trial. The *Model Criminal Jury Instructions for the Seventh Circuit*, Instruction 1.07, states: "It is proper for an attorney to interview any witness in preparation for trial." The instruction cites *ABA Standards, The Prosecution Function* 3.1 (3d ed. 1993).

In the case of the undersigned, as well as in the case of every attorney I have worked with in government, corporate and private practice, the witness during preparation is warned that above all things, the witness is expected to tell the truth, regardless of whose side is helped or hurt. We already have given such advice to the witness in this case and will do so again. The defense has no basis on which to believe otherwise.

Regardless of how the Court rules on the issue of letting Mr. Vaghar see the notes of his own interviews, we request that the Court specifically state that it disavows any belief in, or reliance on, the characterizations of the plaintiff or its counsel by the defense.

Respectfully submitted,

/s/ James A. Kidney

_____
James A. Kidney
Counsel for Plaintiff
Securities and Exchange Commission

Cc: John H. Hemann, via ECF
Counsel for Defendant Gowrish