IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>VINAYAK S. GOWRISH,<br><br>    Defendant.<br>                                                             / | No. C 09-05883 SI<br><br>**ORDER RE: FD-302 NOTES REQUEST AND REQUEST FOR TRIAL SUBPOENA**<br><br>**(Docs. 62, 72)** |

On December 6, 2010, plaintiff Securities and Exchange Commission ("SEC") submitted a letter brief to the Court requesting an order permitting the Commission to share the notes of an FBI proffer session ("FD-302 notes") with the person who made the proffers, former defendant and trial witness Pascal Vaghar. Doc. 62. On December 13, 2010, defendant Vinayak S. Gowrish submitted a letter brief to the Court requesting a trial subpoena for Veterans Administration ("VA") records relating to Mr. Vaghar, and in particular records having to do with mental disability or substance abuse issues. Doc. 72. Both requests are opposed. The Court GRANTS the SEC's request for permission and DENIES defendant's request for a trial subpoena.

**BACKGROUND**

On December 16, 2009, the Securities and Exchange Commission ("SEC") filed this complaint for civil violations of the federal securities laws against defendants Vinayak Gowrish, Adnan Zaman, Pascal Vaghar, and Sameer Khoury, and against relief defendant Elias Khoury, Sameer Khoury's brother. The complaint alleged that defendants engaged in insider trading in violation of the Securities

Exchange Act of 1934 and Rules 10b-5 and 14e-3 promulgated thereunder. Complaint ¶ 3. According to the complaint, defendants Gowrish and Zaman illegally tipped material, nonpublic merger and acquisition information obtained through their employers, a private equity firm and an investment bank, to defendants Vaghar and Sameer Khoury. Vaghar and Khoury allegedly traded on the basis of the tipped information and received significant profits, some of which they kicked back to Gowrish and Zaman. *Id.* ¶ 1. Consent judgments for disgorgement of profits gained as a result of the trading alleged in the complaint, plus prejudgment interest, have now been entered as to all defendants except Gowrish.

The same day the civil complaint was filed, the United States Attorney for the Northern District of California filed a criminal Information against Zaman, alleging criminal insider trading violations; Zaman subsequently pled guilty and has been sentenced. To date, no additional criminal charges have been filed in connection with the alleged insider trading scheme.

**DISCUSSION**

**I. FD-302 notes**

On May 12, 2010, the Court granted a defense motion to compel the production of FD-302 notes created by FBI agents during their investigative interviews with various potential witnesses, including Zaman, Vaghar, and Khoury. Doc. 39. On May 28, 2010, the Court entered an order pursuant to a stipulation between the parties that stated, among other things, that the FD-302 notes would only be made available to third-party witnesses during the course of oral depositions in this case. Doc. 44 ¶ 4.

Mr. Vaghar was deposed by defendant on August 25, 2010. During the course of the deposition, he was not shown a copy of the FD-302 notes taken during his FBI proffer session, although the notes were then available to both plaintiff's and defendant's attorneys.

The SEC now requests permission to share the FD-302 notes with Mr. Vaghar outside of the context of a deposition. Defendant opposes, arguing that the SEC's request is unfair, unnecessary, and will result in manipulation of the testimony of a primary SEC witness. Defendant argues that the SEC had the opportunity to use the FD-302 notes during Mr. Vaghar's deposition, when Mr. Vaghar was under oath and defendant was present, and objects to the SEC's use of the FD-302 notes now, behind

closed doors, in order to prepare Mr. Vaghar's testimony for trial.

The Court does not find that permitting Mr. Vaghar to see the FD-302 notes is unfair. Defendant already had the opportunity to depose Mr. Vaghar, under oath, without his having had the benefit of refreshing his recollection as to what he had said to the FBI. Defendant will be permitted to cross-examine Mr. Vaghar, both with regard to his prior statements and with regard to the time and manner of his preparation for trial. The SEC's request is GRANTED.

**II.    Trial subpoena**

On December 13, 2010, defendant submitted a letter brief requesting a trial subpoena compelling a custodian of records at the U.S. Department of Veterans Affairs to produce at trial all records related to the diagnosis and treatment of Mr. Vaghar for a purported mental disability, as well as substance use and possible abuse. Doc. 72. Defendant presents evidence that Mr. Vaghar was discharged from the United States military in 1994 because of a head injury, as well as evidence that Mr. Vaghar used a variety of legal and illegal drugs in the past four years. Defendant argues that the head injury and drugs all potentially affected Mr. Vaghar's memory, as well as his ability to perceive.

Under 38 U.S.C. § 7332(b)(2)(D), the VA is permitted to disclose records relating to drug abuse

> If authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefor. In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient or subject, to the physician-patient relationship, and to the treatment services. Upon the granting of such order, the court, in determining the extent to which any disclosure of all or any part of any record is necessary, shall impose appropriate safeguards against unauthorized disclosure.

Defendant argues that he has shown good cause; the SEC argues that defendant has not. The Court need not reach this question, however, as implicit in defendant's request is a motion for leave to take additional discovery after the cut-off date. When considering such a motion, a court is to consider all relevant factors, including: (1) the moving part's diligence; (2) the foreseeability of the need for additional discovery; (3) the trial schedule; (4) any response from non-moving and third parties; (5) the likelihood that the discovery will lead to relevant evidence; and (6) any prejudicial effect. *Tyco Thermal Controls LLC v. Redwood Indus.*, No. 06-7164, 2010 WL 2353533, at *2 (N.D. Cal. June 9, 2010).

On March 12, 2010, the parties in this case filed a joint proposed discovery plan in which

3

defendant indicated that he intended to subpoena the VA for documents that would "shed light on" Mr. Vaghar's "competency as a witness." Doc. 18 at 6; *see also* Doc. 20 at 6 (joint case management statement). The SEC indicated that it would not oppose such a subpoena as long as Mr. Vaghar were provided sufficient notice and opportunity to challenge it on his own behalf. *Id.* At the case management conference two weeks later, the Court set a discovery cutoff date of September 24, 2010. Doc. 21. The case is scheduled for a jury trial on January 24, 2011. *Id.*

The SEC's decision to challenge the subpoena now, although it had indicated that it would not do so last March, is more than reasonable in light of the fact that the discovery period in this case has long since passed, and the trial date is near. Defendant knew of the existence of the evidence he is now seeking, at least generally, nine months ago. At the very least, the content and potential relevance of the documents that he is now seeking should have become clear to defendant after Mr. Vaghar's deposition in August, a month before the discovery cutoff. Defendant was not diligent in seeking this information, and the SEC will be prejudiced as it attempts to prepare for January 24 trial if it is required to prepare arguments to exclude or minimize the importance of documents that it would not even have possession of. Defendant's request is DENIED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the SEC's request for an order permitting the Commission to share the FD-302 notes from Mr. Vaghar's FBI interview with Mr. Vaghar is GRANTED. (Doc. 62.) Defendant's request for a trial subpoena for VA records relating to Mr. Vaghar is DENIED. (Doc. 72.)

**IT IS SO ORDERED.**

Dated: December 20, 2010

SUSAN ILLSTON
United States District Judge