IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

              Plaintiff,

  v.

VINAYAK S. GOWRISH,

              Defendant.

                               /

No. C 09-5883 SI

**FINAL PRETRIAL SCHEDULING ORDER**

On January 20, 2011, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning January 24, 2011. All parties were represented by counsel. The following matters were resolved:

1.    **Number of jurors and challenges**: There shall be a jury of 8 members. Each side shall have up to four peremptory challenges.

2.    **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel.

3.    **Jury instructions**: No later than Tuesday, January 25, 2011, counsel shall submit one complete set of proposed instructions, containing both agreed upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury. Where contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition. Where feasible, competing instructions addressing the same point shall be included together in the single set of proposed instructions. The final submission shall be filed in hard copy and also submitted to the court on disk,

United States District Court
For the Northern District of California

1   suitable for reading by WordPerfect 10 (windows).

2

3       4.      **Trial exhibits**:  No later than January 21, 2011, the parties shall submit their trial

4   exhibits, in binders with numbered tabs separating and identifying each exhibit.  The court shall be

5   provided with three sets (for the court, the file and the witness) and each side shall provide one set for

6   the other side.  To the extent that original documents are to be used as exhibits in the case, they should

7   be included in the set of exhibits for the court.

8

9       5.      **Timing of trial**:  The parties estimated that the trial should take approximately 5 days.

10  Based on this estimate, each side shall have 30  minutes for opening statements; each side shall have

11  8 hours total for presentation of evidence, which includes direct and cross-examination and presentation

12  of all exhibits; and each side shall have up to 45 minutes for closing argument.

13

14      6.      **Trial schedule**:  Jury trials are generally conducted Monday through Thursday; jury

15  trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on

16  Fridays.  The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30-45

17  minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.  The Court is

18  unavailable Monday through Wednesday, January 31-February 2, 2011; the trial shall proceed January

19  24 - 27, 2011 and complete on February 3, 2011.

20

21      7.      **Motions in limine**:   The parties filed various motions in limine, as follows:

22  **Plaintiff's motion to bar reference to witness disability:** Granted in part, denied in part.

23  Defendant may cross examine the witness concerning use of illegal or prescription drugs during the

24  events in question or currently, as they may affect memory and perception; and may cross examine re

25  psychiatric diagnoses that affect memory or perception.  Defendant may also cross examine the witness

26  re disability as it may affect credibility.  However, documentation may not be adduced absent leave of

27  court.

28      **Plaintiff's motion to exclude witnesses Garcia, Johnston and Shastry**: Denied as moot re

2

**United States District Court**
For the Northern District of California

1 witness Johnston. Denied as to witness Shastry, provided she is made available for deposition prior to

2 her testimony at trial and subject to completeness objections re invocation of marital privilege. Denied

3 as to Garcia, but subject to offer of proof prior to testimony.

4 **Defendant's motion No. 1 to exclude evidence re: trading in Alliance Data Systems Corp.**

5 **Securities:** Denied.

6 **Defendant's motion No. 2 to admit Khoury interview:** Granted in part and denied in part.

7 SEC will stipulate that Khoury received tips directly from Zaman and Vaghar, not directly from

8 Gowrish. Statements identified by SEC as nos. 6-7 and 9-18 may be disclosed to jury. Other

9 statements, including statements 25, 26 and 28, may not.

10 **Defendant's motion no. 3 to exclude reference to defendant's assertion of 5th Amendment:**

11 Granted in part. Plaintiff may demonstrate that defendant had the opportunity to speak to the SEC but

12 declined to do so, and that he had a chance to review testimony of others prior to giving his deposition

13 in this case and formulating his litigation strategy. But plaintiff may not refer to or elicit testimony

14 concerning defendant's invocation of his 5th Amendment privilege against self incrimination.

15 **Defendant's motion no. 4 to exclude evidence of notations written in the memo line on**

16 **Vaghar checks:** Denied. The Court will consider an appropriate limiting instruction when the evidence

17 is presented.

18 **Defendant's motion no. 5 to exclude check registers re Vaghar's Charles Schwab account:**

19 Denied. The Court will consider an appropriate limiting instruction when the evidence is presented.

20 **Defendant's motion no. 6 to exclude testimony from tax accountant:** Defendant withdrew

21 this motion, which is therefore denied as moot.

22

23 8. **Further Settlement Conference:** If either party so requests, the Court will provide a

24 settlement conference with a magistrate judge.

25 **IT IS SO ORDERED.**

26 Dated: January 20, 2011

27 _____

SUSAN ILLSTON
28 United States District Judge

3