```
 1  JAMES A. KIDNEY
    JULIE M. RIEWE
 2  ANTHONY S. KELLY
    100 F Street NE
 3  Washington, DC 20549
    Tel: 202.551.4441
 4  Fax: 202.772.9246
    E-mail: kidneyj@sec.gov
 5          riewej@sec.gov
            kellya@sec.gov
 6
    Attorneys for Plaintiff
 7  SECURITIES AND EXCHANGE COMMISSION

 8
    MORGAN, LEWIS & BOCKIUS LLP
 9  JOHN H. HEMANN, State Bar No. 165823
    STEPHANIE L. JOHNSON, State Bar No. 246073
10  JASON B. ALLEN, State Bar No. 251759
    One Market, Spear Street Tower
11  San Francisco, CA  94105-1126
    Tel: 415.442.1000
12  Fax: 415.442.1001
    E-mail: jhemann@morganlewis.com
13          stephanie.johnson@morganlewis.com
            jason.allen@morganlewis.com
14
    Attorneys for Defendant
15  VINAYAK S. GOWRISH

16
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. CV 09-5883 (SI) |
| Plaintiff, | |
| vs. | **JOINT STIPULATIONS AND [PROPOSED] ORDER** |
| VINAYAK S. GOWRISH, *et al.* | |
| Defendants. | |

WHEREAS, in the Joint Pre-Trial Statement filed on December 21, 2010, the parties entered into a number of stipulations that the jury must accept as established fact for purposes of its deliberations;

NOW THEREFORE, FOR GOOD CAUSE SHOWN, THE SEC AND MR. GOWRISH HEREBY STIPULATE and AGREE as follows:

1. That the securities of Sabre Holdings Corp. ("Sabre"), TXU Corp. ("TXU") and Alliance Data Systems Corp. ("ADS") were all traded on a national stock exchange and were subject to regulation by the Securities and Exchange Commission.

2. That all purchases and sales of securities of Sabre, TXU and ADS were accomplished through the use of the mails, telephones or other instruments of interstate commerce or the facilities of a national securities exchange.

3. That as a condition of his employment, Defendant Gowrish entered into a Confidentiality Agreement with TPG as well as a Nondisclosure and Proprietary Information Agreement with TPG.

4. That on or about November 22, 2006, Defendant Gowrish was assigned by TPG to the deal team assigned to work on TPG's potential acquisition of Sabre and prior to December 12, 2006, Defendant Gowrish possessed material, nonpublic information concerning TPG's potential acquisition of Sabre.

5. That when Pascal Vaghar and Sameer Khoury bought Sabre securities the information that Sabre would soon be acquired by TPG Capital was both nonpublic and material.

6. That as an associate at TPG, and through information he heard from other TPG employees, Defendant Gowrish was aware that TPG was in negotiations to acquire TXU and prior to February 23, 2007, Defendant Gowrish possessed material, nonpublic information concerning TPG's potential acquisition of TXU.

7. That when Pascal Vaghar and Sameer and Elias Khoury bought TXU securities the information that TXU would soon be acquired by TPG Capital, or was a target for acquisition by others, was both nonpublic and material.

8. That Adnan Zaman is a long time friend of Defendant Gowrish.

9. That Pascal Vaghar and Sameer and Elias Khoury profitably traded on the basis of the material, nonpublic acquisition information tipped by Adnan Zaman.

10. That Pascal Vaghar and Sameer Khoury provided money and goods to Adnan Zaman in exchange for Mr. Zaman providing the acquisition information.

11. Defendant Gowrish was employed as an associate at TPG Capital, L.P. ("TPG") during the time period December 1, 2005 through July 31, 2007.

12. As an associate at TPG, Defendant Gowrish researched and evaluated companies for potential investment opportunities by TPG, including performing financial and investment analyses, conducting due diligence and industry research, and preparing and presenting investment memoranda.

13. On or about October 13, 2006, TPG entered into a confidentiality agreement with Sabre Holdings Corp. ("Sabre") concerning a possible acquisition of Sabre.

14. On or about December 12, 2006, it was publicly announced that TPG and Silver Lake Partners entered into a deal to acquire Sabre.

15. On or about November 30, 2006, TPG entered into a confidentiality agreement with TXU Corp. ("TXU") concerning TPG's possible acquisition of TXU.

16. During the day on February 23, 2007, there were news reports announcing that TPG and Kohlberg Kravis Roberts & Co. ("KKR") were expected to make an offer to acquire TXU. Additional news and details of the offer to acquire TXU continued through the weekend --February 24 and February 25 -- and on February 26, 2007 an announcement was made that TPG and KKR did agree to acquire TXU.

**IT IS SO STIPULATED.**

Dated: February 3, 2011

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | MORGAN, LEWIS & BOCKIUS LLP |
| By _____<br>James A. Kidney | By _____<br>John H. Hemann |
| Attorneys for Plaintiff<br>SECURITIES AND EXCHANGE COMMISSION | Attorneys for Defendant<br>VINAYAK S. GOWRISH |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _February 3_, 2011        _____
                                 THE HONORABLE SUSAN ILLSTON
                                 UNITED STATES DISTRICT COURT JUDGE