UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　Plaintiff,<br><br>vs.<br><br>VINAYAK S. GOWRISH,<br><br>　　Defendant. | Case No. CV 09-5883 (SI)<br><br>**[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT VINAYAK S. GOWRISH** |

　　This civil action came before the Court on a Complaint filed by the Securities and Exchange Commission ("Commission") alleging that the remaining defendant, Vinayak S. Gowrish ("Gowrish" or "the defendant"), committed securities fraud by knowingly or recklessly providing material nonpublic information about plans to acquire three different public companies between December 2006 and May 2007 in breach of a duty he owed to his employer, TPG Capital LP ("TGP Capital"). The Complaint further alleged that Gowrish provided or "tipped" the information about these companies to a close friend, defendant Adnan Zaman ("Zaman"), who, in turn, tipped defendants Pascal Vaghar ("Vaghar") and Sameer Khoury ("Khoury") for the purposes of purchasing securities in the three public companies. Vaghar and Khoury, by trading on the material nonpublic information provided by Gowrish, realized a substantial profit that, according to evidence adduced at trial, they shared with Zaman and, in Vaghar's case, Gowrish.

The Complaint further alleged that Gowrish knew, or recklessly disregarded, that Zaman would use the information for insider trading purposes.[1]

The Complaint alleged that Gowrish breached his duty of trust and confidence to TPG Capital by tipping Zaman to material nonpublic information that Sabre Holdings Corp., TXU Corp. and Alliance Data Systems Corp. each were "in play" for acquisition by TPG or other organizations.

Based on these allegations of insider trading, the Complaint alleged that Gowrish violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]. On February 3, 2011, following a five-day trial, the jury returned a verdict finding the defendant liable for securities fraud as alleged in the Complaint with respect to information about each of the three public companies. Relief is to be entered by the Court because it is either equitable in nature (injunction, disgorgement and prejudgment interest) or is the responsibility of the Court pursuant to statute (civil penalties pursuant to Sec. 21A of the Exchange Act, 15 U.S.C. § 78u-1).

The Court finds that the plaintiff has made a proper showing under Section 21(e) of the Exchange Act [15 U.S.C. §§ 78u(e)] entitling it to a permanent injunction against defendant Gowrish for violations of the antifraud statutes as alleged in the Complaint. Based on the jury's verdict, Gowrish's conduct involved a high degree of scienter in that he either knew that Zaman would use the information Gowrish provided to tip Vaghar and others, or that he was highly reckless in conveying the information to Zaman without regard to the consequences. He did so in

---

[1] The other defendants settled this action on consent and Final Judgments were entered enjoining them from further violations of the statute and rule as well as other relief. Zaman also entered a guilty plea to the insider trading charges and is serving a 26-month prison sentence. Vaghar is the subject of a deferred prosecution agreement that imposes a fine and a community service obligation.

total disregard of the clear rules of his employer requiring him to keep information confidential. Further, he made his unlawful disclosures with respect to three public companies over a period of six months, although he could have ceased his unlawful conduct at any time during that period. Further, the defendant continues to express his belief that he did nothing wrong and continues to be employed in a position in which it is likely he will again be trusted with material nonpublic information about public companies.

The Court also finds that the defendant should disgorge the full amount of profits realized from purchases of securities in the subject companies by defendants Vaghar and Khoury, who Gowrish tipped through defendant Zaman. Only in this way will the defendant account for all gains from his unlawful conduct.[2] The amount of disgorgement is measured by the difference between the price at which the defendants bought securities of the three companies and the prices of those securities at which they were sold on the first trading day after the news of the acquisitions of the companies was formally announced. In addition, the Court finds that prejudgment interest should be paid upon the disgorged amount for the period from last date of purchase of the securities of each company, based on the Internal Revenue Service underpayment interest rate, 26 U.S.C. § 6621(a)(2).

The Court further finds that the conduct engaged in by the defendant was such that a substantial penalty should be imposed. As noted above, the defendant's conduct was knowing or highly reckless, in complete disregard of his employer's confidentiality rules and the laws against insider trading. Evidence adduced at trial and presumably believed by the jury proved that Gowrish accepted cash kickbacks for his tips, realized greater friendships with

---

[2] Defendants Vaghar and Zaman have been ordered to make partial disgorgement. The Court allocates these payments to disgorgement for separate insider trading claims to which both defendants settled which were not alleged against Gowrish.

defendants Zaman and Vaghar by tipping them and enjoyed greater self-esteem and camaraderie through unguarded discussion of his work at TPG. The conduct was repeated over a six month period. Further, the defendant not only violated his employer's rules, but he failed to report suspicions, and later, actual knowledge, of insider trading by his friends -- this by his own testimony -- despite his protestations of innocence. He also assisted Vaghar and Zaman in refusing to cooperate with the FBI and the SEC by (a) facilitating payment of cash to Vaghar to pay his lawyer as long as Vaghar maintained a posture of non-cooperation and (b) by providing at least minor assistance in preparation of a list of untrue reasons Vaghar purchased the subject securities.

Finally, the Court sentenced Zaman to a substantial period of incarceration for his role in the insider trading scheme. Although based on the jury's verdict and the evidence adduced at trial, it seems likely that Gowrish is at least as culpable as Zaman for the insider trading in TPG-related acquisitions, the Court is not aware of any criminal actions to be brought against Gowrish. It appears that this Final Judgment will be the only legal remedy entered against Gowrish and, therefore, the Court has considered that fact in concluding that a substantial civil penalty is warranted.

THEREFORE, the Court being fully advised in the premises:

**I**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that defendant Vinayak S. Gowrish, his agents, servants, employees, attorneys-in-fact and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. §

78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. §240.10b-5], directly or indirectly, through the use of any means or instrumentality of interstate commerce or of the mails, or of the facilities of a national securities exchange, by:

(1) employing any device, scheme, or artifice to defraud,

(2) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

(3) engaging in any transaction, act, practice, or course of business which operates or would operate as a fraud or deceit on any person,

in connection with the purchase or sale of any security.

## II

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that defendant Vinayak S. Gowrish pay a total of $_____, consisting of: (a) $374,912, representing disgorgement of profits predicated on the acts alleged in the Complaint, (b) prejudgment interest thereon of $85,479; and (c) $_____, representing a penalty pursuant to Section 21A of the Exchange Act predicated on the acts alleged in the Complaint. Payment of the full amount shall be made within ten (10) days of the entry of this Final Judgment as described in paragraph III below.

## III

Defendant Gowrish shall satisfy the total financial obligation established in paragraph II by sending the entire obligated amount to the office listed below, together with a cover letter identifying Vinayak S. Gowrish as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Payment and the cover letter shall be sent to:

Office of Financial Management
Securities and Exchange Commission
100 F St., NE
Mail Stop 0-3
Washington, D.C. 20549

Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action at the following address:

James A. Kidney
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-4010

The SEC's Office of Financial Management shall then deposit the funds with the United States Treasury as per its usual procedures in cases such as this.

By making this payment, the defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to the defendant. The defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, the defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action[3] based on the defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of the defendant's payment of a civil penalty in this action ("Penalty Offset").

If any court in any Related Investor Action grants such a Penalty Offset, the defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the

---

[3] A "Related Investor Action" means a private damages action brought against defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.

### IV

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this action for all purposes, including the implementation and enforcement of this Final Judgment.

### V

There being no reason for delay, the Clerk of the Court is hereby directed to enter this Final Judgment forthwith.

_____
SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

Date: _____