IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>VINAYAK S. GOWRISH,<br><br>  Defendant. | No. C 09-05883 SI<br><br>**JUDGMENT** |

In accordance with the jury verdict of February 3, 2011, the Court's Order of July 14, 2011, and the following terms, judgment is hereby entered against defendant Vinayak S. Gowrish.

I.

Pursuant to 15 U.S.C. section 78u(e), defendant Vinayak S. Gowrish, his agents, servants, employees, attorneys-in-fact and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, hereby are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10-b promulgated thereunder [17 C.F.R. § 240.10b-5], directly or indirectly, through the use of any means or instrumentality of interstate commerce or of the mails, or of the facilities of a national securities exchange, by:

(1) employing any device, scheme or artifice to defraud,

(2) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not

misleading, or

(3) engaging in any transaction, act, practice, or course of business which operates or would operate as a fraud or deceit on any person,

in connection with the purchase or sale of any security.

## II.

Defendant Vinayak S. Gowrish is ordered to pay $12,000, representing disgorgement of profits predicated on the acts alleged in the Complaint; prejudgment interest thereon as calculated from June 1, 2007 (the first of the month during which the third acquisition was announced), and based on the rate provided in 26 U.S.C. § 6621; and $100,000, representing a penalty assessed pursuant to the Insider Trading Sanctions Act of 1984, as amended [15 U.S.C. § 78u-1]. Payment of the full amount shall be made within forty-five (45) days of the entry of this Final Judgment as described in section III below.

## III.

Defendant Gowrish shall satisfy the total financial obligation established in section II above by sending the entire obligated amount to the office listed below, together with a cover letter identifying Vinayak S. Gowrish as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Payment and the cover letter shall be sent to:

>   Office of Financial Management
>   Securities and Exchange Commission
>   100 F Street, Northeast
>   Mail Stop 0-3
>   Washington, D.C.  20549

Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action at the following address:

>   James A. Kidney
>   Securities and Exchange Commission
>   100 F Street, Northeast
>   Washington, D.C.  20549-4010

The SEC's Office of Financial Management shall then deposit the funds with the United States

Treasury as per its usual procedures in cases such as this.

By making this payment, the defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to the defendant. The defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, the defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action[1] based on the defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of the defendant's payment of a civil penalty in this action (hereinafter "Penalty Offset").

If any court in any Related Investor Action grants such a Penalty Offset, the defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.

IV.

This Court shall retain jurisdiction of this action for all purposes, including the implementation and enforcement of this Final Judgment.

**IT IS SO ADJUDGED.**

Dated: July 15, 2011

_____
SUSAN ILLSTON
United States District Judge

---

[1] A "Related Investor Action" means a private damages action brought against defendant by and on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.