**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 26 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,  Plaintiff - Appellee,  v.  VINAYAK S. GOWRISH,  Defendant - Appellant,  and  ADNAN S. ZAMAN; PASCAL S. VAGHAR; SAMEER N. KHOURY; ELIAS N. HOURY,  Defendants. | No. 11-16956  D.C. No. 3:09-cv-05883-SI  MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted February 12, 2013
San Francisco, California

Before: SCHROEDER, NOONAN, and MURGUIA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The Securities and Exchange Commission ("SEC") brought a civil enforcement action against Vinayak Gowrish alleging three counts of insider trading in violation of Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. The jury returned a verdict in favor of the SEC and the district court imposed civil penalties. We have jurisdiction pursuant to 12 U.S.C. § 1291 and affirm.

**1. Due process**

Gowrish argues that due process requires a new trial because (1) he was denied access to the medical file of an SEC witness, Pascal Vaghar; (2) the SEC elicited impermissible testimony from another witness, Adnan Zaman; and (3) the SEC vouched for Vaghar during closing arguments.

Gowrish did not make a timely request for Vaghar's medical records, and the district court's enforcement of the discovery schedule is reviewed for abuse of discretion. *Nascimento v. Dummer*, 508 F.3d 905, 909 (9th Cir. 2007). Gowrish provides no excuse for failing to meet the deadline and the district court did not abuse its discretion by denying his untimely request. *See id.* After the district court ordered production of the documents prior to the remedy phase, it concluded that the evidence was merely cumulative and there was no reason to cross-examine Vaghar again with the new material. *See United States v. Kohring*, 637 F.3d 895,

908 (9th Cir. 2011) (explaining that cumulative impeachment evidence would not alter the result).

Contrary to Gowrish's assertion that Zaman was called only for an improper purpose, the SEC obtained valuable testimony from Zaman and cited to his testimony numerous times during closing argument. Even assuming that some evidence elicited from Zaman was inadmissible, Gowrish has not shown that Zaman was called for "the primary purpose of placing before the jury substantive evidence which is otherwise inadmissible." *United States v. Gilbert*, 57 F.3d 709, 711 (9th Cir. 1995). Even more, Gowrish has failed to show that Zaman's testimony resulted in a "miscarriage of justice" necessary to overcome his burden on plain error review. *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002).

The SEC's statement during closing argument that "I'm not asking you to believe Mr. Vaghar without corroborating evidence" was not vouching. *See United States v. Rudberg*, 122 F.3d 1199, 1204 (9th Cir. 1997) (stating that vouching is implication that the government has "extra-record" evidence supporting credibility or emphasis of a prosecutor's personal opinion). Again, even assuming that the statement was improper, Gowrish fails to establish that it resulted in plain error. *See Hemmings*, 285 F.3d at 1193.

Page 3 of 6

## 2. Scienter

It is well established that deliberate recklessness is sufficient to establish a violation of Section 10(b). *See SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1093 (9th Cir. 2010); *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1568–69 (9th Cir. 1990) (en banc) ("Our circuit, however, along with ten other circuits, has held that recklessness may satisfy the element of scienter in a civil action for damages under § 10(b) and Rule 10b-5."); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 n.3 (2007) (noting that every court of appeals has found recklessness sufficient for a violation of §10(b)). The fact that this case involves Rule 10b-5(a) and (c) rather than Rule 10b-5(b) does not change the level of scienter required because recklessness is a form of intentional conduct that can deceive or defraud. *See, e.g.*, *Hollinger*, 914 F.2d at 1569; *Platforms Wireless*, 617 F.3d at 1093. In fact, recklessness has been applied to Rule 10b-5(a) and (c) in prior cases. *WPP Lux. Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1056 (9th Cir. 2011) (applying recklessness to insider trading claim); *Mihara v. Dean Witter & Co., Inc.*, 619 F.2d 814, 821 (9th Cir. 1980) (applying recklessness to churning claim).

## 3. Remedies

The decision to enjoin future violations of Section 10(b) "rests within the sound discretion of the trial court." *SEC v. Fehn*, 97 F.3d 1276, 1295 (9th Cir. 1996)*; SEC v. Goldfield Deep Mines Co. of Nev.*, 758 F.2d 459, 465 (9th Cir. 1985). The district court properly considered the five-factor test identified in *Fehn*, and Gowrish must show that the application of that test was "illogical, implausible, or without support in inferences that may be drawn from facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc). Gowrish cannot make such a showing because, at best, he argues that the record may have supported not imposing an injunction.

Gowrish did not waive his Seventh Amendment argument that his civil fine should have been submitted to the jury. *See Solis v. County of Los Angeles*, 514 F.3d 946, 953 (9th Cir. 2008). Gowrish's agreement that the judge would impose the civil fine is consistent with his argument that the judge can only impose a fine based on facts found by the jury.

The SEC argues that *Tull v. United States*, 481 U.S. 412, 427 (1987), is dispositive because it holds that the Seventh Amendment right to a jury trial does not extend to the determination of facts necessary to support a civil fine in a

Page 5 of 6

government enforcement action. Despite the potential vulnerability of *Tull*, it remains the law and controls in this case.[1]

In any event we affirm because any error was harmless. At best, the jury should have determined the total profits of the scheme and the district court could have exercised its discretion to impose a fine up to three times that profit. *See United States v. Booker*, 543 U.S. 220, 233 (2005) ("For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."). To guarantee a fine lower than the $100,000 imposed by the district court, the jury would have to find that the scheme generated less than $33,333.33 in illegal profits. Such a finding would be practically impossible given that Vaghar alone stipulated to illegal profits of $318,784. *See Fuller v. City of Oakland,* 47 F.3d 1522, 1533 (9th Cir. 1995) (Seventh Amendment violation is harmless if "no reasonable jury" could have came to a different result).

**AFFIRMED.**

---

[1] *Tull* has not been overruled, however, Gowrish argues that more recent Supreme Court cases cast doubt on *Tull*. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 354–55 (1998); *Southern Union Co. v. United States*, 132 S. Ct. 2344, 2349 (2012).